IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

GREGORY LAMAR WALKER,

    Petitioner,

v.                                                        CASE NO. 1:07-cv-00172-MP-AK

FLORIDA DEPARTMENT OF CORRECTIONS, WALTER MCNEIL,

    Respondents.

_____/

**O R D E R**

This matter is before the Court on Doc. 31, Report and Recommendation of the Magistrate Judge, recommending that the second amended habeas petition, Doc. 14, be denied. The Petitioner filed objections, Doc. 32. The Court has conducted a de novo determination of those portions of the report and recommendations to which objection has been made. 28 U.S.C. § 636(b)(1).

Petitioner was convicted of breaking into the victim's home by removing glass from jalousie windows. As Petitioner was collecting certain of her possessions, the victim returned home. Petitioner took a glass pitcher and struck the victim in the head, shattering the pitcher and severely injuring the victim. (R Ex B 1-3) Petitioner's finger prints were discovered on the removed panes of the window and his palm print was found in the victim's blood. Defense Counsel had an independent expert examine the prints and the expert concurred with the state's analysis. (R Ex I 35). In February 2002, Petitioner went to trial on both charges . (R Ex C). The jury returned a verdict of guilty of both charges (R Ex C 355), and Petitioner was sentenced by the trial court to life on the burglary and 15 years concurrent on the aggravated battery.(R Ex C

369).

After direct appeal and state collateral proceedings, the Petitioner filed a petition under 28 U.S.C. § 2254. In his Second Amended Petition, the Petitioner raises four grounds for relief. He first claims that his trial counsel was ineffective for failing to call Detective Halvosa as a witness. Detective Halvosa did not investigate the case and any information he possessed came from the lead detective in the case. (R Ex I 36-37) Thus, detective Halvosa had no personal knowledge and under the rules of evidence his testimony would have been excluded as hearsay and because he did not have actual knowledge. Thus, counsel was not ineffective for failing to call a witness whose testimony would have been inadmissible.

Petitioner also claims in this ground for relief that his counsel was ineffective for failing to call Psychologist Dr. Abel to testify as to Petitioner's competency. At the state post-conviction evidentiary hearing, counsel testified that the report did not in any way indicate that petitioner was incompetent. The report indicated substance abuse problems. Counsel testified that he obtained a waiver and discussed the report with the doctor and the doctor did not indicate any evidence of incompetency. (R Ex I 38-40) Moreover, counsel testified in his interaction with the defendant, he did not observe any indications of incompetency and the defendant was able to fully assist him in the preparation of the case. (R Ex I 40) Thus, the trial counsel conducted an appropriate investigation into the knowledge of the detective and the psychologist and made a strategic decision not to call these witnesses. Thus, no deficient performance been established.

The next ground for relief is a claim of ineffective assistance of counsel in that trial counsel was allegedly ineffective for failing to preserve for appellate review an issue relating to a photo line up that was not retained by the investigators. During the investigation of the offense in this case, when the investigator presented photo lineups to certain witnesses some of them

indicated a person identified as Michael Harris looked like the suspect. (R Ex C 398). However, the investigator testified that the identifications were very qualified. Since the identifications were not sufficiently firm the officer did not consider the lineups as evidence which needed to be formally preserved.

As the investigation began to turn to petitioner as the culprit, particularly because of the prints of the petitioner being found at the scene, the officer retained the photos loose but did not make any other significant attempt at preserving the line up. When the photos were requested about a year later he could locate other lineups (R Ex C 402) but could not locate the one with Mr Harris. He testified that while he could reprint certain photos contained in the lineup, he did not remember everyone who was in the line up.(R Ex C 404-405). However, he was able to generate the picture of Mr. Harris for the trial. (R Ex C 400-402).

When counsel learned that the photo's from the line up were missing, counsel filed a motion to dismiss alleging exculpatory evidence was destroyed by the state. (R Ex B 124) Counsel had an evidentiary hearing where the issue was explored.(R Ex C 373). Counsel later filed a second motion to dismiss. (R Ex B 140) Counsel also used the misidentification to impeach the testimony of the witnesses and the thoroughness of the state's investigation. (R Ex C 24)(R Ex C 81).

The Court agrees with the Magistrate Judge that Petitioner cannot show either prejudice or deficient performance under Strickland. Trial counsel took great efforts to use the lack of a photo lineup to get the case dismissed, and also used the lack of a lineup to impeach eyewitnesses. Additionally, the fact that a person other than Petitioner was less than firmly identified as looking like the suspect was clearly presented to the jury through the cross-examination of the eyewitnesses. Having the actual photo lineup would not have added

anything. Finally, Mr. Harris' fingerprints were not found anywhere in the house, while Petitioner's were found in the blood of the victim.

In his third ground for relief, Petitioner raises various arguments based in due process. The Court agrees with the Magistrate Judge that all of these claims except one were not raised on direct appeal and thus are procedurally defaulted, and that Petitioner cannot show cause and prejudice for the default. The remaining claim is that the prosecutor knowingly withheld evidence that the victim could not identify him as the perpetrator. It had been known to the defense that the victim herself never indicated that she could identify Petitioner as her attacker, either during the investigation, the trial, or the post-conviction hearing. It is not a violation of Brady v. Maryland, 373 U.S. 83 (1963), for the government to decline to remind defendants of facts they already know.

With regard to Petitioner's final ground for relief, he basis it on "New[ly] discovered evidence, victim told her brother . . . that Petitioner was not the assailant and they have the wrong guy in prison." Second Amended Petition, Doc. 14, ¶ 14(D). The state court was not unreasonable in rejecting this characterization of the victim's statement, based on the victim's brother's testimony at the state post-conviction evidentiary hearing. He testified at the hearing that his sister, the victim, told him that she could not positively identify the Defendant because she did not get a good look at the Defendant. This testimony is consistent with the testimony the victim gave prior to and at trial, and of which Petitioner was aware. It is not nearly as

exculpatory as Petitioner would make it out to be.

Accordingly, for the reasons given above, none of Petitioner's grounds support habeas relief, and it is hereby

**ORDERED AND ADJUDGED:**

1. The Report and Recommendation of the Magistrate Judge is adopted and incorporated herein.

2. The second amended habeas petition, Doc. 14, is denied. The Clerk is directed to close the file.

**DONE AND ORDERED** this  *8th*  day of April, 2010

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge