IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

GREGORY LAMAR WALKER,

    Petitioner,

v.                                                           CASE NO. 1:07-cv-00172-MP-AK

FLORIDA DEPARTMENT OF CORRECTIONS,
WALTER MCNEIL,

    Respondents.

_____/

**O R D E R**

This matter is before the Court on Doc. 37, Mr. Walker's Application for a Certificate of Appealability, and Doc. 42, Mr. Walker's Motion for Leave to Proceed in Forma Pauperis on Appeal. This Court will issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 326, 123 S. Ct. 1029, 1034 (2003). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604 (2000).

Here, for the reasons given in the order at Doc. 34, Mr. Walker has not made a substantial showing of the denial of a constitutional right. First, the testimony of Detective Halvosa would have been excluded as hearsay, and so counsel was not ineffective in failing to offer it. Second, the psychological expert who examined Mr. Walker would not have helped his case because he

did not opine that Mr. Walker was incompetent. Third, counsel took various steps to use the unsuccessful photo lineup to impeach the identification witness and also filed a motion to dismiss based on its destruction. The motion was properly rejected, as the issue of the prior lack of identification and weak identification of a Mr. Harris as the suspect was thoroughly presented to the jury through cross examination. Thus, no prejudice or deficient performance is shown. Fourth, the majority of the due process claims by Mr. Walker were procedurally defaulted. The final claim, that the victim allegedly told her brother that Mr. Walker was not the person who committed the crime, contradicts the actual testimony of the brother. Accordingly, none of these claims rise to the level of a substantial showing of the denial of a constitutional right, and no certificate of appealability is appropriate.

Likewise, Under Fed. R. App. P. 24(1), a party seeking to proceed *in forma pauperis* on appeal must file a motion with the district court, and the Court, under Fed. R. App. P. 24(a)(4) may certify that the appeal is not taken in good faith and for that reason deny the motion to proceed *in forma pauperis*. For the reasons just stated, the Court hereby certifies that the appeal is not taken in good faith. The motion to proceed *in forma pauperis* on appeal (Doc. 42) is therefore denied. It is hereby

**ORDERED AND ADJUDGED:**

Doc. 37, the Application for Certificate of Appealability, and Doc. 42, the Motion to Proceed in Forma Pauperis on Appeal, are DENIED.

**DONE AND ORDERED** this  *18th*   day of May, 2010

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge
